IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. THOMAS, | § | No. 58, 2016 |
| Defendant Below, Appellant, | § § § § | Court Below–Superior Court of the State of Delaware |
| v. | § § | Cr. ID No. 93K01153DI |
| STATE OF DELAWARE, | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: March 24, 2016
Decided: May 27, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 27th day of May 2016, upon consideration of the notice to show cause issued by the Clerk, the response to the notice to show cause filed by the appellant, the answer to the response filed by the State of Delaware, and the appellant's reply, it appears to the Court that:

(1) In 1993, the appellant, James A. Thomas, pled guilty to two sexual offenses and was sentenced to life in prison plus twenty years. Thomas filed a motion for correction of illegal sentence on July 16, 2015. The motion was denied on September 9, 2015. Thomas filed an appeal from the September 9 order on February 8, 2016.

(2)     To invoke this Court's jurisdiction in an appeal from a postconviction order, the notice of appeal must be filed within thirty days after entry upon the docket of the order from which the appeal is taken.[1] The only exception to the rule is when the failure to file the appeal within the thirty-day period is attributable to court personnel.[2]

(3)     On February 8, 2016, the Clerk issued a notice under Supreme Court Rule 29(b), directing Thomas to show cause why this appeal should not be dismissed as untimely filed.[3] In response to the notice, Thomas contends that the delay in filing the appeal was caused by the Superior Court's failure to send him the September 9, 2015 order. Thomas claims that he did not learn that the court had denied the sentence correction motion until November 2015, when he inquired about the status of the motion. The Superior Court docket indicates that, in response to Thomas' requests, a copy of the docket sheet was sent to him on November 17, 2015, and a copy of the September 9 order was sent to him on December 2, 2015.

(4)     This Court has consistently held that when an appellant filing an untimely appeal attributes the delay in filing the appeal to court-related error, the appellant must file the notice of appeal within thirty days of receiving notice of the

---

[1] Del. Supr. Ct. R. 6(a)(iii).

[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[3] Del. Supr. Ct. R. 29(b).

2

order the appellant is appealing.[4] In this case, Thomas states, and the Superior Court docket reflects, that he had notice of the September 9 order in November 2015 when he received the Superior Court docket sheet listing the order.

(5) Once Thomas received the Superior Court docket sheet he had sufficient information to file a notice of appeal,[5] and it was incumbent upon Thomas to file the notice of appeal within thirty days.[6] Although his notice of the order was less than ideal, once he had notice, Thomas had an obligation, even as a *pro se* litigant, to act with diligence.[7] The record does not reflect that court-related personnel prevented Thomas from filing a notice of appeal within thirty days of receiving notice of the September 9 order.

(6) At the Court's request, the State filed an answer to Thomas' response to the notice to show cause. The State agrees that the appeal was untimely filed but contends that the record fairly reflects that Thomas had notice of the September 9 order in mid-December 2015, because Thomas' notice of appeal was dated December 17, 2015, and the Superior Court docket indicates a copy of the September 9 order was sent to Thomas on December 2, 2015. Assuming, without finding, that

---

[4] *Lewis v. State*, 2015 WL 5679716 (Del. Sept. 25, 2015) (citing cases).

[5] *Cf.* Del. Supr. Ct. R. 7(9) (providing that a notice of appeal shall attach the order on appeal *if available*).

[6] *Supra* note 4.

[7] *Id.*

3

Thomas did not have notice of the September 9 order until the last day of December on December 31, 2015, Thomas does not explain why he did not file the appeal within thirty days, *i.e.*, by February 1, 2016,[8] and instead waited until February 8, 2016, to file the appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[8] The Clerk's Office was closed on Saturday, January 30 and Sunday, January 31, 2016.